UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD J. MUNSON,  )
                   )
    Plaintiff,     )
                   )  No. 09 C 495
v.                 )
                   )  Magistrate Judge Jeffrey Cole
C.H. ROBINSON COMPANY,             )
C.H. ROBINSON COMPANY GROUP        )
LONG TERM DISABILITY PLAN,         )
UNUM LIFE INSURANCE COMPANY        )
OF AMERICA                         )
                   )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

A.

Ronald Munson suffers from debilitating back pain – he is a truck driver by trade. There is also some psychological overlay from failed treatment and surgery for that pain. He seeks long-term disability benefits from his employee benefits welfare plan. He received benefits for three years, after which, under the terms of the plan, he was cut off because it was determined that he could do other types of work besides truck driving. The plaintiff disagreed and has filed a suit under the Employee Retirement Income Security Act ("ERISA") against his former employer, C.H. Robinson Company (CHR) as plan sponsor and administrator, C.H. Robinson Company Group Long Term Disability Plan ("the Plan"), and Unum Life Insurance Company of America ("Unum") as the insurer of benefits under the Plan and the claims administrator. He is also seeking a declaratory judgment regarding his future rights to benefits under the Plan. Arguing they are not proper parties under ERISA, defendants, CHR and Unum, have moved to dismiss the complaint against them.

Generally, in a suit for ERISA benefits, the plaintiff is limited to a suit against the Plan. *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007); *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir.2004). The rule derives from the statute itself: "Any money judgment ... against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person." 29 U.S.C. § 1132(d)(2). In this instance, "the Plan" is C.H. Robinson Company Group Long Term Disability Plan. Plaintiff alleges as much in his complaint. (Complaint, ¶ 4). Accordingly, C.H. Robinson Company – plaintiff's employer – and Unum – the claims administrator and insurer – should be dismissed as defendants.

But plaintiff argues that his case presents an exception to the general rule, and that CHR and Unum are proper parties, because Unum has a conflict of interest since it is both decision-maker and payer and because the policy identifies CHR as the name of the Plan. In support of this contention, the plaintiff relies on *Metropolitan Life Ins. Co. v. Glenn*, --- U.S. ----, 128 S.Ct. 2343 (2008), where the Supreme Court held that there is a conflict of interest when the entity that administers a plan under ERISA is responsible for both determining whether an employee is eligible for benefits and for paying benefits out of its own pocket. 128 S.Ct. at 2346. The issue in the case was not who the proper defendant in an ERISA case should be, but the appropriate standard of review to be applied to denials of benefits under ERISA plans. The Court determined that the standard remained the abuse of discretion standard, regardless of whether there was a conflict of interest involved.

Courts have not read *Glenn* to mean that a claims administrator or insurer like Unum is a proper party under ERISA. It's clear that *Glenn* was simply indicating that this was just one of the factors to be considered when a court is conducting its review of a claim denial to determine whether

2

there was an abuse of discretion, 128 S.Ct. at 2350 – a point the Court had made in more general terms ten years earlier in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)("Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "'facto[r] in determining whether there is an abuse of discretion.'").

In other words, *Glenn* didn't change anything, and the Seventh Circuit certainly hasn't read it otherwise. *Jenkins v. Price Waterhouse Long Term Disability Plan*, – F.3d –, –, 2009 WL 1175171, *4 (7th Cir. 2009)(" . . . we remain cognizant of the conflict of interest that exists when the administrator has both the discretionary authority to determine eligibility for benefits and the obligation to pay benefits when due."); *Leger v. Tribune Co. Long Term Disability Ben. Plan*, 557 F.3d 823, 831 (7th Cir. 2009)("Our study of *Glenn* convinces us, first, that the decision is best read as an extension of the Court's previous decision in *Firestone* . . . . the Court's decision in *Glenn* did not create a new standard of review – a "heightened arbitrary and capricious standard"– for claims involving a conflict of interest.").

In short, Seventh Circuit precedent, holding that plaintiffs must bring their ERISA claims against the plan, rather than employers, claims administrators or insurers, is unaffected by *Glenn*. Any conflict of interest simply becomes a factor in the review of the denial of benefits, *Firestone*, 489 U.S. at 115, not a basis for naming the party with the conflict as a defendant. What the plaintiff contends constitutes a special circumstance requiring or authorizing a deviation from accepted ERISA practice is, in reality, not an uncommon event. *Glenn*, 128 S.Ct. at 2350.

The other justification offered for naming Unum and C.H. Robinson and Company – the need that they be available to respond to discovery, if proper – is not a basis for deviating from

3

accepted ERISA pleading practices. If discovery is needed or allowed, Unum and C.H. Robinson and Company have pointed out in their motion to dismiss that they stand ready to respond. In that event, the plaintiff will have all of the discovery rights available under the Federal Rules of Civil Procedure, and he will have available all of the sanctions for non-compliance with discovery orders possessed by any other plaintiff.

But the need for or right to take discovery may never materialize. That is to say, the denial of benefits to Mr. Munson could be found to be an abuse of discretion – or a proper exercise of discretion – without any further information about Unum's conflict of interest that might be gained through enhanced discovery – enhanced in the context of ERISA cases. *See Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 815 (7th Cir.), *cert. denied*, 549 U.S. 942 (2006). After all, the conflict of interest issue simply serves – among other factors – as a "tiebreaker." *Glenn*, 128 S.Ct. at 2351. Unum is not a stranger to ERISA litigation, and *Glenn* stressed that a claimed conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Glenn*, 128 S.Ct. at 2351 (Parenthesis in original). *Glenn*, 128 S.Ct. at 2351. *See also*, John H. Langbein, *supra*; *Chronister v. Unum Life Ins. Co. of America*, 563 F.3d 773, 776 (8th Cir. 2009); *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2nd Cir. 2008).

### B.

The plaintiff's other contention stems from the Plan documents. He says it is appropriate in this instance to name his employer and Unum as parties because the Plan is not clearly identified in the documents. The defendants say otherwise, but the plaintiff has a point. The "Additional

4

Summary Plan Description Information" reads as follows:

**Name of Plan:**
C. H. Robinson Company

**Name and Address of Employer:**
C. H. Robinson and Company
8100 Mitchell Road
Eden Prairie, Minnesota
55344-2248

**Plan Identification Number:**
a. Employer IRS Identification #: 41-0680048
b. Plan #: 502

(Complaint, Ex. A, p. 43, ERISA-1 (1/1/2002) REV). So although the defendants submit that "the Plan documents clearly identify the Plan's name as "C.H.Robinson Company Plan # 502," (*Defendants' Memorandum in Support of Their Motion to Dismiss*, at 3), they clearly do not. One might distill that information from the entire page, but not directly from what the document says the "Name of Plan" is. As such, it is at least a bit confusing, and plaintiff's naming of "C.H. Robinson Company" and "C.H. Robinson Company Group Long Term Disability Plan" is understandable. But the Plan has appeared and answered, and since the confusion has been cleared up, and the plaintiff's employer is clearly not a proper party, *Mote*, 502. F.3d at 610, *Blickenstaff*, 378 F.3d at 674, the employer can be dismissed as a defendant.

As the plaintiff points out, there are situations where courts have allowed the employer to be a party, but none apply here. In *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (1997), and *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001), for example, the plan and the

employer were "intertwined," with the plan documents making little if any distinction between the two. Moreover, in *Riordan*, the employer never raised the issue.[1] Mr. Munson's response brief cites to no such obscurity in the plan documents; the one bit of confusion it points to is the poorly worded "Additional Summary Plan Description Information." And the brief concedes that Mr. Munson only named both his employer *and* the Plan "out of an abundance of caution and in a good faith attempt to get the Plan into the case." (*Plaintiff's Response to Motion to Dismiss*, at 3). That being accomplished, there is no reason for the employer to remain in the case. Within 14 days, the plaintiff may amend the complaint to identify the Plan correctly as "C.H. Robinson Company Plan # 502." The defendant shall have 7 days to file its amended answer.

## CONCLUSION

The defendants' motion to dismiss the complaint as against C.H. Robinson Company and Unum Life Insurance Company of America [# 11] is GRANTED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/8/09

---

[1] But the Plan document did provide a further source of confusion that both *Riordan* and *Mein* listed as a factor in their determination: it named C.H. Robinson Company as the agent for service of legal process on the plan. *See Riordan*, 128 F.3d at 551; *Mein*, 241 F.3d at 585.

6